FILED'10 MAY 5 11:39USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

UNITED STATES OF AMERICA,                    09-CR-119-BR

        Plaintiff,                        PRELIMINARY ORDER
                                               TO CONTINUE JUNE 14,
                                               2010, TRIAL DATE

v.

RAFAEL ROMERO-DUARTE, aka
"Zopi," "Sopi," or Zopilote,"
et al.,

        Defendants.


DWIGHT C. HOLTON
United States Attorney
THOMAS H. EDMONDS
JOHN C. LAING
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff


1  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

**ERNEST WARREN, JR.**
Walker Warren & Watkins
838 S.W. First Ave., Ste. 500
Portland, OR 97204
(503) 228-6655

> Attorneys for Defendant
> Rafael Romero-Duarte (pending
> appointment/retention of new
> counsel)

**MICHAEL R. SMITH**
Law Office of Michael R. Smith, LLC
250 N.W. Seblar Drive
Portland, OR 97210
(617) 595-8290

> Attorney for Defendant
> Kain DeJesus Romero-Duarte

**BROWN, Judge.**

This matter comes before the Court on the government's Motion (#229) to Continue Trial Date.  Defendant Raphael Romero-Duarte is charged in a Second Superseding Indictment with one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, two counts of Distribution of Methamphetamine, and one count of Possession with Intent to Distribute Methamphetamine.  Trial is set for June 14, 2010.[1]

For the reasons that follow, the Court intends to **GRANT** the government's Motion, but before doing so formally, the Court

---

[1] Trial of Co-Defendant Kain Romero-Duarte is also set for that date.

2  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

issues this Preliminary Order to Continue June 14, 2010, Trial
Date and instructs the Clerk of Court to translate it into the
Spanish language for delivery to Defendant by his present counsel
of record, Ernest Warren, as soon as practicable before the next
hearing in this matter on May 10, 2010.

## BACKGROUND

On April 6, 2010, in the course of a hearing on pretrial
motions, Warren, Defendant's third lawyer, made an oral Motion to
Withdraw as counsel for Defendant and Defendant made his own oral
Motion for Appointment of New Counsel.  Warren asserted and
Defendant did not dispute that Defendant was unhappy with
Warren's purported lack of aggressiveness in defending Defendant.

Notwithstanding his request for new counsel, Defendant
insisted he did not wish to reschedule the trial date of June 14,
2010.

The Court took both the oral Motion to Withdraw and the oral
Motion for Appointment of New Counsel under advisement and
requested the government to file a memorandum by April 9, 2010,
addressing the extent to which the Court has authority in the
circumstances of this case to deny these Motions if granting them
would require a continuance of the June 14, 2010, trial date.

The government responded on April 9, 2010, that it was not
in a position to comment on the substance of the pending Motions

to Withdraw and for Appointment of New Counsel, but did state
unequivocally that "[d]ue to the volume and complexity of the
discovery, and the attendant issues with trial preparation, it is
almost certain that a continuance of the trial date would be
required for any newly appointed lawyer."  At that point,
however, the government did not seek a continuance.

On April 19, 2010, the Court conducted an *ex parte* hearing
with Defendant, Warren, and a Criminal Justice Act (CJA)
Panel Attorney, Lynne Morgan, whom the Court appointed specially
to confer with Defendant regarding his issues with Warren and
the question of ongoing representation in light of the pending
trial date.  Morgan advised the Court that she had reviewed
the Court files and the Indictment, conferred with Warren,
preliminarily assessed the issues and the evidence involved in
the case, and spoken with Defendant.  It was her opinion that it
would be impossible for any new counsel to be prepared to try the
case on June 14, 2010, in light of the complexity of the legal
and evidentiary issues and the volume of evidence that would need
to be reviewed.  Morgan also opined it would be exceedingly
difficult, if not impossible, for the Court to conduct a trial on
June 14, 2010, with Warren as trial counsel for Defendant in
light of the animosity that Defendant had toward Warren.  The
Court, therefore (reluctantly), granted Warren's Motion to
Withdraw, but required him to remain as Defendant's counsel of

4  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

record pending the appointment of new counsel for the purpose of
facilitating communication between the Court and Defendant and
the prosecutor and Defendant in the interim.[2]

The Court advised Defendant that if Warren were to be
replaced, there was not any possibility that new counsel would be
prepared to try the case on June 14, 2010.  Nevertheless, after
being asked repeatedly whether he understood a setover was the
necessary consequence of appointing new counsel, Defendant
insisted the Court assign new counsel first and he would then
discuss the matter of the trial date with new counsel.  The Court
then requested the designation of another CJA Panel attorney to
meet with Defendant regarding these matters.

On April 29, 2010, the Court held a further hearing to
address the issue of Defendant's representation.  At that
hearing, CJA Panel Attorney James Halley appeared and represented
to the Court that he had spoken with Defendant regarding the
issues in the case to determine whether Halley would be able to
represent Defendant.  Although Halley reported he would be
willing to do so, Halley stated there was not any possibility
that he could be prepared to try the case on June 14, 2010, in

---

[2] Although the Court was then prepared to appoint Morgan
to represent Defendant (but also to strike the June 14, 2010,
trial date and to reset trial to a date on which Morgan could
reasonably be prepared), Defendant vehemently objected to
Morgan's appointment on the basis that she had spoken with
Warren without his permission, and, among other things, he
purportedly could not trust her for that reason.

light of the volume of evidence and complexity of the issues.

Defendant asserted he had spoken to an unidentified attorney who was prepared to represent Defendant and to try the case on June 14, 2010, if Defendant's family was able to secure sufficient funds to pay the attorney.  This new attorney, however, has not made any contact with the prosecutor or the Court.

Based on this record, the Court found at the April 19, 2010, hearing that it was not possible for any attorney other than Warren to be adequately prepared to defend Defendant at trial on June 14, 2010.  The Court advised Defendant that the only condition on which the June 14, 2009, trial date could stand would be if Defendant and Warren resolved their differences so that Warren could represent Defendant at trial.  Defendant was unwilling to consider that option; insisted he would have a new attorney ready for trial on June 14, 2010; and also asserted he had a right to represent himself.[3]

The Court has set another status hearing for May 10, 2010, to determine whether Defendant, in fact, has succeeded in retaining counsel and to address potential issues of self-representation.

_____

[3] The Court is preparing a separate written notice to Defendant pursuant to *Faretta v. U.S.*, 422 U.S. 806, 835 (1975), warning Defendant of the risks of self-representation in this matter.

### GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE

In light of these developments, the government now moves for a continuance of the June 14, 2010, trial date, which, among other things, requires the Court to consider whether the government's request conflicts with Defendant's right to a speedy trial under the Fourth Amendment to the United States Constitution.  For its part, the government contends a continuance under the circumstances of this case meets the "ends of justice" exception to Defendant's right to insist on a speedy trial.

### Standards

18 U.S.C. § 3161(h)(7)(B)(I) provides:

> (h) The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

>> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of . . . the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

7  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(I) *Whether the failure to grant such a continuance in the proceeding would be likely* to make a continuation of such proceeding impossible, or *result in a miscarriage of justice.*

(ii) *Whether the case is so unusual or so complex,* due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, *that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.*

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) *Whether the failure to grant such a continuance* in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the government continuity of counsel, or *would deny counsel for the defendant or*

8  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

> the attorney for the government <u>the</u>
> *reasonable time necessary for*
> *effective preparation, taking into*
> *account the exercise of due*
> *diligence.*

Emphasis added.

A trial court's discretion to invoke the ends-of-justice exception to the Speedy Trial Act is narrow. *United States v. Perez-Reveles,* 715 F.2d 1348, 1351 (9th Cir. 1983)("Congress intended that the ends of justice continuance be rarely used."). Section 3161(h)(7) imposes two explicit limitations on a district court's discretion to order continuances to the trial date: (1) the court must consider the four factors enumerated in Section 3161(h)(7)(B) before a continuance can be granted in order to ensure that the continuance provision is only invoked for reasons that would satisfy the ends of justice and (2) the court must set forth its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

## Discussion

For the following reasons, the Court concludes the complexity of the case, the inability of still-to-be identified defense trial counsel (or Defendant if he is permitted to represent himself) to reasonably prepare a competent defense in the short amount of time available before the presently scheduled trial, and the need to avoid a potential miscarriage of justice

9  - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

all weigh indisputedly in favor of a continuance of the trial
date despite Defendant's unfounded view to the contrary.

   I.   **Complexity of the Case.**

   This case involves a government investigation in which
there were numerous court-ordered wiretaps over a five-month
period from October 2008 to March 2009.  As a result, the
discovery in this case involves 11,546 audio recordings of
telephone conversations and 16,082 pages of exhibits.  This
voluminous evidence also has required translation from Spanish
into English and, for safety reasons, protective orders limiting
defense counsel's dissemination of discovery documents to
in-custody Defendants.

   As stated unequivocally by highly competent defense counsel
who have substantial experience representing defendants against
multi-count drug conspiracy charges and who have had an
opportunity to discuss this case with Defendant and to review
the extent of the discovery and the issues in the case, no
competent counsel would be able to prepare adequately and to
present a defense to the charges involved in this case in less
than 60 days.  Even if Defendant is permitted to represent
himself, he will still have an insurmountable burden to prepare
adequately for trial in such a short time because he has not had
physical access to the discovery seen by Warren in light of the
various protective orders entered by the Court, not to mention

his complete lack of legal training.

    II.   Obligations of Defense Counsel.

    This Court has previously granted Defendant's Motion to
Substitute Counsel.  Warren was Defendant's third court-appointed
attorney and has worked with Defendant for many months in
anticipation of the June 14, 2010, trial date.  Although
Defendant is clearly dissatisfied with Warren's representation,
the Court has found Defendant's objections to Warren to be
totally lacking in factual support, especially in light of
Warren's exemplary, skillful, and assertive, albeit unsuccessful,
efforts in multiple pretrial motions to obtain dismissal of the
charges against Defendant or to obtain suppression of various
forms of evidence the government seeks to offer.  The Court notes
it has required Warren to remain as counsel of record pending the
possible appointment of new counsel of Defendant's choosing.
Nonetheless, there is not sufficient time for newly-retained
counsel to be prepared to defend Defendant adequately in the less
than six weeks remaining before the trial is now scheduled to
commence.  Moreover, because Warren's role since April 9, 2010,
has been as "place-holder" counsel, the government has not had
any counterpart with whom to work to prepare the evidence for
pretrial conference review, to prepare jury instructions, and to
otherwise effectively prepare for trial.  Indeed, in light of
Defendant's issues with his counsel, which are solely of

11 - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

Defendant's making, this case has *de facto* been in a holding
position for the past several weeks, and now it is too late to
expect the government unilaterally to prepare the case for a
June 14, 2010, trial in the absence of trial counsel for
Defendant.

### III.  Miscarriage of Justice.

The Court concludes the failure to grant a continuance
would likely result in a miscarriage of justice whether
Defendant represents himself or is represented by counsel who
would have had only the barest opportunity to become familiar
with the general outlines of the government's case against
Defendant.  Defendant is facing a mandatory minimum sentence of
up to ten (10) years imprisonment and a possible maximum sentence
of life imprisonment if he is convicted on one of the drug
conspiracy counts.  Moreover, the government's inability to
prepare effectively in the interim creates its own risks for a
miscarriage of justice.  The avoidance of such a miscarriage of
justice is sufficient reason, standing alone, to justify a
continuance of the trial date over Defendant's objection
notwithstanding Defendant's speedy trial rights.

In summary, the Court, in the exercise of its discretion,
concludes a continuance of the scheduled June 14, 2010, trial
date is not only justified in order to avoid a potential
miscarriage of justice, but is mandated by the Defendant's

12 - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE

failure to resolve his differences with his present counsel and by the volume of discovery and the complexity of the issues involved in this case.

### CONCLUSION

For these reasons, the Court intends to **GRANT** the government's Motion (#229) to Continue Trial Date at the next scheduled proceeding in this matter on May 10, 2010.

As noted, the Court directs the Clerk of Court to translate this Preliminary Order to Continue June 14, 2010, Trial Date into the Spanish language for delivery to Defendant by his current counsel of record, Ernest Warren, as soon as practicable before May 10, 2010.

IT IS SO ORDERED.

DATED this 5th day of May, 2010.


ANNA J. BROWN
United States District Judge

13 - PRELIMINARY ORDER TO CONTINUE JUNE 14, 2010, TRIAL DATE