FILED'10 MAY 06 10:55USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAFAEL ROMERO-DUARTE, aka
"Zopi," "Sopi," or Zopilote,"
et al.,

        Defendants.

09-CR-119-BR

*FARETTA* WARNINGS
TO DEFENDANT RAFAEL
ROMERO-DUARTE
REGARDING RISKS OF
SELF-REPRESENTATION

DWIGHT C. HOLTON
United States Attorney
THOMAS H. EDMONDS
JOHN C. LAING
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

        Attorneys for Plaintiff

1 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

**ERNEST WARREN, JR.**
Walker Warren & Watkins
838 S.W. First Ave., Ste. 500
Portland, OR 97204
(503) 228-6655

> Attorneys for Defendant
> Rafael Romero-Duarte
> (pending appointment/retention
> of new counsel)

**MICHAEL R. SMITH**
Law Office of Michael R. Smith, LLC
250 N.W. Seblar Drive
Portland, OR 97210
(617) 595-8290

> Attorney for Defendant
> Kain DeJesus Romero-Duarte

**TO:   RAFAEL ROMERO-DUARTE**

Because you have stated that you may wish to give up your constitutional right to a lawyer in this case, I am required to give you the following information and warnings.

When you are back in court on May 10, 2010, I will ask you whether, as of that time, you do or do not wish to give up your constitutional right to a lawyer.  If you tell me you do want to give up the right to a lawyer and you do want to represent yourself from now on, I will then review this information with you in open court to determine whether you understand these matters and the serious risks you would be taking by proceeding from now on – and through your trial – without a lawyer representing you.

2  - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

This information is organized as follows:

Part I explains your constitutional right to be represented by a lawyer at all important stages of this case and explains your right to represent yourself in certain circumstances.

Part II explains the warnings I must give you about the risks of representing yourself. They are called "warnings" to emphasize the seriousness of the risks, the dangers, and the disadvantages you are subjecting yourself to if you choose to represent yourself.

Part III explains (a) each of the four charges against you, (b) the elements of each charge that the government must prove beyond a reasonable doubt to the unanimous consent of the jury before you can be found guilty of any such charge, and (c) the maximum and mandatory minimum penalties that apply to each charge if you are convicted. Please note these are the same charges in the Second Superseding Indictment that you received and that were explained to you in open court on April 19, 2010.

## PART I

### Right to Counsel - Right of Self-Representation

You have the constitutional right to the continued and effective representation by a lawyer at all important stages of your case. If you cannot afford a lawyer, you have the right to have the Court appoint a lawyer to represent you at government

expense.  Indeed, the Court has appointed three lawyers to represent you so far (Samuel Kauffman, Brian Conry, and Ernest Warren) and the Court has appointed two other lawyers to consult with you about your representation issues (Lynne Morgan and James Halley).

Your right to a lawyer includes the right to have a lawyer who has the training and experience to perform critical functions on your behalf from the beginning to the end of trial and also to prepare for the trial itself, including:  Assisting in the selection of an impartial jury, presenting an opening statement, examining witnesses and offering exhibits on your behalf, cross-examining witnesses presented by the United States, objecting to the United States' witness testimony/exhibits, making legal arguments to the Court as legal issues arise, presenting a closing argument; making motions to the Court after the close of evidence, and making motions to the Court after a jury verdict is reached.

You also have the constitutional right to represent yourself provided you are able to make a knowing, intelligent, and voluntary decision to give up your right to a lawyer.  Before I may permit you to represent yourself, I must conclude you are making a knowing, intelligent, and voluntary waiver of your right to counsel and that you have expressed that choice to me on the record unconditionally and without any reservation.

4  - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

## PART II

### Dangers and Disadvantages of Self-Representation

If you decide to represent yourself, you will have to abide by the same rules in court as lawyers do.  Even if you make mistakes, you will not be given any special privileges or benefits, and I will not help you.  The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures.

Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross-examination of witnesses, what motions to make and when to make them during the trial to permit you to make post-trial motions and to protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

Each of these are core functions that you have a consti-tutional right to have performed by a lawyer on your behalf at trial.  If you choose to represent yourself, you will lose all of the benefits of having experienced trial counsel protecting your interests, and it is highly likely that you will fail at performing some or all of the core functions that trial counsel would perform for you.  The consequences to you of such a choice

5  - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

likely will be disastrous.

## PART III

### Charges, Elements, and Penalties

You are charged in all four counts of the Second Superseding Indictment in this case as follows:

### Count One

**A.    The Charges in Count One.**

In Count One of the Second Superseding Indictment, you are charged with Conspiracy to Distribute and Possess with Intent to Distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, §§ 841(a)(1), 841 (b)(1)(a), and 846.

The charge states beginning at a time unknown and continuing up to and including April 24, 2009, in the District of Oregon and elsewhere, Rafael Romero-Duarte, aka "Zopi," "Sopi," or "Zopilote," and Kain DeJesus Romero-Duarte, Defendants herein, did knowingly and willfully combine, conspire, confederate, and agree together, with each other, and with diverse other persons whose names are to the grand jury known and unknown, including Hector Ledesma-Ayon, aka "Pelos"; Miguel Sanchez Ramirez aka "Mike" or "Primo"; Antonio Cesar Tapia-Maldonado aka Francisco Valencia-Lomeli aka "Jose"; and Rafael Jose Ortiz aka Edgar

6  - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

Quiroz Rodriguez, to possess with intent to distribute and to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(a), and 846.

It was part of this conspiracy for certain of the Defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the Defendants and others to utilize telephones or cellular telephones to further the possession and distribution of controlled substances.

It was part of this conspiracy for certain of the Defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the Defendants and others to purchase, maintain, and use vehicles to further the possession and distribution of controlled substances.

It was part of this conspiracy for certain of the Defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

In furtherance of this conspiracy and to effect and accomplish its objectives, the Defendants and other co-conspirators committed one or more of the following overt acts as

listed in Counts 2 through 4 below.

**B.    The Elements of Count One.**

In order for you to be found guilty of Count One, the government will have to prove each of the following elements beyond a reasonable doubt:

First, beginning at a time unknown and continuing up to and including April 24, 2009, in the District of Oregon and elsewhere, there was an agreement between two or more persons to commit at least one of the following offenses:  (1) to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine and (2) to possess fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute.

Second, you became a member of the conspiracy knowing at least one of its objectives and intending to help accomplish it.

In order for you to be found guilty of conspiracy, the government must prove that during the time in which you were a member of the conspiracy, either you or another member of the conspiracy committed the following elements of at least one of the following offenses beyond a reasonable doubt:

(1)    <u>Possession with Intent to Distribute Methamphetamine</u>.

First, a member of the conspiracy knowingly possessed

methamphetamine in a measurable or detectable amount and second, a member of the conspiracy possessed it with the intent to deliver it to another person.

It does not matter whether a member of the conspiracy knew that the substance was methamphetamine.  It is sufficient that the member of the conspiracy knew that it was some kind of a prohibited drug.

(2)  <u>Distribution of Methamphetamine</u>.

First, a member of the conspiracy knowingly distributed methamphetamine in a measurable or detectable amount and second, a member of the conspiracy delivered it to another person.

It does not matter whether a member of the conspiracy knew that the substance was methamphetamine.  It is sufficient that the member of the conspiracy knew that it was some kind of a prohibited drug.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on

9  -  *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  The trier of fact must find, and the government must prove, that there was a plan to commit at least one of the crimes alleged in the Second Superseding Indictment as an object of the conspiracy as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or to further some object or purpose of the conspiracy even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.

On the other hand, one who does not have any knowledge of a conspiracy, but happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators nor merely by knowing that a conspiracy exists.

Furthermore, a conspiracy may continue for a long period and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names,

identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, you will have, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) you directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) you knew or had reason to know that other conspirators were involved with those with whom you directly conspired; and

(3) you had reason to believe that whatever benefits you might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.  The government does not have to prove that you knew the exact quantity of methamphetamine.

**C.   Penalties for Conviction on Count One.**

If convicted of the charge in Count One, you face a maximum penalty of life imprisonment, a fine of up to $4,000,000, and a mandatory assessment of $100.  Also, if convicted on Count One, you will face a mandatory minimum penalty of ten years imprisonment.  Upon release from prison, you will be required to be under supervised release for five years.  12 U.S.C. § 841 (b)(1)(a).

11 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

## Count Two

**A.    The Charge.**

In Count Two of the Second Superseding Indictment you are charged with Distribution of Methamphetamine.

The charge states on or about March 4, 2009, in the District of Oregon, Rafael Romero-Duarte aka "Zopi," "Sopi," or "Zopilote," and Antonio Cesar Tapia-Maldonado aka Francisco Valencia-Lomeli aka "Jose," did knowingly and intentionally distribute five grams or more of methamphetamine or fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(b) and Title 18, United States Code, § 2.

**B.    The Elements of Count Two.**

In order for you to be found guilty of Count Two, the government will have to prove each of the following elements beyond a reasonable doubt:

First, on or about March 4, 2009, in the District of Oregon, you knowingly delivered five grams or more of methamphetamine or fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, and

Second, you knew it was methamphetamine or some other prohibited drug.

The government does not have to prove that you knew the

12 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

exact quantity of methamphetamine.

Also, you may be found guilty of distribution of methamphetamine even if you personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove that you are guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, distribution of methamphetamine was committed by someone;

Second, you knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of distribution of methamphetamine; and

Third, you acted before the crime was completed.

It is not enough that you merely associated with the person committing the crime or unknowingly or unintentionally did things that were helpful to that person or were present at the scene of the crime.  The evidence must show beyond a reasonable doubt that you acted with the knowledge and intention of helping that person commit distribution of methamphetamine.  The government is not required to prove precisely which Defendant actually committed the crime and which Defendant aided and abetted.

C.   **Penalties for Conviction on Count Two.**

If convicted of the charge in Count Two, you face a maximum penalty of 40 years imprisonment, a fine of up to $2,000,000, and a mandatory assessment of $100.  Also, if convicted of Count

13 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

Two, you will face a mandatory minimum penalty of five years
imprisonment.  Upon release from prison, you will be required
to be under supervised release for four years.  12 U.S.C.
§ 841(b)(1)(b).


### Count Three

**A.    The Charge.**

The charge states on or about March 10, 2009, in the
District of Oregon, Rafael Romero-Duarte aka "Zopi," "Sopi," or
"Zopilote" and Antonio Cesar Tapia-Maldonado aka Francisco
Valencia-Lomeli aka "Jose" did knowingly and intentionally
distribute five grams or more of methamphetamine or fifty grams
or more of a mixture or substance containing a detectable amount
of methamphetamine, a Schedule II controlled substance, in
violation of Title 21, United States Code, §§ 841(a)(1) and
(b)(1)(b), and Title 18, United States Code, § 2.

**B.    The Elements of Count Three.**

In order for you to be found guilty of Count Three, the
government will have to prove each of the following elements
beyond a reasonable doubt:

First, on or about March 10, 2009, in the District of
Oregon, you knowingly delivered five grams or more of
methamphetamine or fifty grams or more of a mixture or substance
containing a detectable amount of methamphetamine, and

14 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

Second, you knew that it was methamphetamine or some other prohibited drug.

Again, the government does not have to prove that you knew the exact quantity of methamphetamine.

Also, as I informed you regarding Count Two, you may be found guilty of this charge of Distribution of Methamphetamine even if you personally did not commit the act or acts constituting the crime but aided and abetted in its commission.

## C.   Penalties for Conviction on Count Three.

If you are convicted of the charge in Count Three, you face a maximum penalty of 40 years imprisonment, a fine of up to $2,000,000, and a mandatory assessment of $100.  Also, if you are convicted of Count Three, you will face a mandatory minimum penalty of five years imprisonment.  Upon release from prison, you will be required to be under supervised release for four years.  12 U.S.C. § 841 (b)(1)(b).


## Count Four

## A.   The Charge.

In Count Four, you are charged with Possession with Intent to Distribute fifty grams of methamphetamine or more or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The charge states on or about April 24, 2009, in the

15 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

District of Oregon, Rafael Romero-Duarte aka "Zopi," "Sopi," or "Zopilote"; Miguel Sanchez Ramirez aka "Mike" or "Primo"; and Rafael Jose Ortiz aka Edgar Quiroz Rodriguez did knowingly and intentionally possess with intent to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(a) and Title 18, United States Code, Section 2.

**B.    The Elements of Count Four.**

In order for you to be found guilty of Count Four, the government will have to prove each of the following elements beyond a reasonable doubt:

First, you knowingly possessed fifty grams or more of methamphetamine or five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, and

Second, you possessed it with the intent to deliver it to another person.

It does not matter whether you knew the substance was methamphetamine. It is sufficient that you knew it was some kind of a prohibited drug.  To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person with or without any financial interest in the transaction.  Again, the government

16 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

does not have to prove that you knew the exact quantity of
methamphetamine.

Also, as I informed you regarding Count Two, you may be
found guilty of this charge of Possession with Intent to
Distribute Methamphetamine even if you personally did not commit
the act or acts constituting the crime but aided and abetted in
its commission.

## C.   Penalties for Conviction on Count Four.

If convicted of the charge in Count Four, you face a maximum
penalty of life imprisonment, a fine of up to $4,000,000, and a
mandatory assessment of $100.  Also, if convicted of Count
Four, you will face a mandatory minimum penalty of ten years
imprisonment.  Upon release from prison, you will be required
to be under supervised release for five years.  21 U.S.C.
§ 841 (b)(1)(a).

## Conviction on More than One Court

If you are convicted on more than one count, the Court has
the authority to impose consecutive sentences on each Count; that
is, sentences that do not run at the same time but run one after
the other on until the last sentence is fully served.

## Forfeiture Allegation

Included in the Second Superseding Indictment against you is

17 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

a criminal forfeiture allegation, which states upon conviction of the controlled substance offense alleged in Count 1 of this Second Superseding Indictment, Rafael Romero-Duarte aka "Zopi," "Sopi," or "Zopilote," and Kain DeJesus Romero-Duarte shall forfeit to the United States pursuant to Title 21, United States Code § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violation and any property used or intended to be used in any manner or part to commit or to facilitate the commission of the said violation, including but not limited to a money judgment; a forfeiture of $500,000, representing a portion of the proceeds of defendants' criminal activity, and/or used to facilitate defendants' criminal activity, in violation of Title 21, United States Code, § 841(a)(1).

If any of the above-described forfeitable property, as a result of any act or omission of Defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with a third person;

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be subdivided without difficulty,

It is the intent of the United States, pursuant to 21 U.S.C.

18 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

§ 853(p), to seek forfeiture of any other property of said
Defendant up to the value of the above forfeitable property,
all as provided in Title 21, United States Code § 853.

If you are found guilty of the charge in Count One,
Conspiracy to Distribute and to Possess with Intent to Distribute
Methamphetamine, the trier of fact, either a jury or the Court,
will be asked to consider a Special Verdict.  Under federal law,
the United States government is entitled to a money judgment for
an amount up to the value of the proceeds of the drug-related
violation.  The trier of fact will be asked to decide whether you
must forfeit certain property, which the government claims is
subject to forfeiture, to the United States because it represents
the proceeds of your involvement in the conspiracy or was used to
further the conspiracy.

Proceeds of the conspiracy include any monies or other
property that you obtained, directly or indirectly, as the result
of the violation.  Proceeds include the total amount of gross
proceeds obtained by you as the result of your participation in
the conspiracy and are not reduced by any amounts you paid for
the drugs that you later sold or for any other costs or expenses
you incurred.  What happens to any property that the trier of
fact declares forfeited is exclusively a matter for the Court to
decide.

The government alleges $500,000 in United States currency is

19 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

subject to forfeiture because it represents the proceeds from your participation in the conspiracy.

First, the government must prove some or all of this currency was derived from your participation in the conspiracy.

Second, if the trier of fact finds some or all of this currency represents proceeds from your participation in the conspiracy, it must determine what portion of that currency represents those proceeds.  All proceeds received as a result of the sale of drugs in the course of the conspiracy are subject to forfeiture.  The amount subject to forfeiture is not limited to the "profits" or net gain by Defendant for his participation in the conspiracy.

### CONCLUSION

Under all of these circumstances and particularly because you are taking grave and certain risks if you proceed to trial without representation by a lawyer, the Court recommends that you exercise your constitutional right to a lawyer and <u>not</u> attempt to represent yourself.

### ORDER TO CLERK OF COURT

The Clerk of Court is directed to translate this Notice into the Spanish language so that Defendant's attorney of record, Ernest Warren, may deliver this Notice to Defendant as soon as

20 - *FARETTA* WARNINGS TO DEFENDANT RAFAEL ROMERO-DUARTE

practicable before the next hearing in this case on May 10, 2010.

IT IS SO ORDERED.

DATED this _____ day of May, 2010.

_____
ANNA J. BROWN
United States District Judge